UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY McGAHEY,<br>    Plaintiff<br><br>V.<br><br>HARVARD UNIVERSITY FLEXIBLE<br>BENEFITS PLAN and HARVARD<br>UNIVERSITY, as PLAN ADMINISTRATOR<br>OF THE HARVARD UNIVERSITY<br>FLEXIBLE BENEFITS PLAN,<br>    Defendant | CIVIL ACTION NO. 1:08-CV-10435-RGS |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(f) MOTION FOR DISCOVERY**

The defendants, Harvard University Flexible Benefits Plan and Harvard University, as plan administrator of the Harvard University Flexible Benefits Plan (collectively, "Harvard"), hereby oppose the plaintiff's Rule 56(f) motion for discovery.

The plaintiff, Rosemary McGahey, seeks to recover additional disability benefits pursuant to a self-insured employee benefit plan provided by Harvard. Both parties have filed motions for summary judgment based upon the Administrative Record, and have fully briefed the issues. With her opposition to Harvard's motion for summary judgment, Ms. McGahey, for the third time, seeks to conduct discovery.

On December 1, 2008, Ms. McGahey moved that she be permitted to conduct discovery and supplement the Administrative Record. On March 25, 2009, this Court denied that motion. Ms. McGahey then filed a motion for reconsideration, which this Court also denied. Ms. McGahey has now renewed her motion for discovery based upon

this Court's March 25, 2009 order ("Order") denying her motion for discovery at which time the Court stated: "If a showing of the improper intrusion of a conflict of interest in the administrator's decision making process can be made at the summary judgment stage, McGahey may file a motion pursuant to Fed.R.Civ.P. 56(f)."

Harvard opposes Ms. McGahey's third attempt to conduct discovery on the grounds that she has not satisfied the provisions of Federal Rule of Civil Procedure 56(f); that she has not made a showing of an "improper intrusion of a conflict of interest" in Harvard's decision making process; and that the basis Ms. McGahey gives for conducting discovery has no connection with whether Harvard's decision to discontinue benefits to Ms. McGahey was arbitrary or capricious.

## ARGUMENT

### I.    Ms. McGahey Has Failed To Satisfy The Provisions Of Rule 56(f).

As a threshold matter, Ms. McGahey's motion for discovery should be denied because she has failed to comply with the requirements of Rule 56(f). The rule provides that the court may deny a motion for summary judgment if "a party opposing the motion shows by *affidavit* that, for specified reasons, it cannot present facts essential to justify its opposition."  (emphasis added).

Under Rule 56(f), a party seeking to conduct discovery in order to respond to a motion for summary judgment must submit to the court an <u>affidavit</u> showing "(i) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion."  <u>Rivera-Torres</u>

v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007) (Rule 56 denied where plaintiffs' proffer fell short of the requisite showing); Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 860 (1st Cir. 2008).

In Hebert v. Wicklund, 744 F.2d 218 (1st Cir. 1984), the court granted summary judgment in favor of the defendant, despite plaintiffs' Rule 56(f) motion, because the plaintiffs "never filed an affidavit presenting reasons why they could not present facts essential to justify their opposition." Id. at 221. Although the plaintiffs' counsel submitted a letter requesting that the court delay a decision on the motion for summary judgment pending further investigation, the court held that the letter was undocketed, not submitted by a party, not an affidavit, and was "nothing except inadmissible opinions and hearsay." Id. at 220-21. The court therefore denied the plaintiffs' motion, because the plaintiffs failed to comply with Rule 56(f) where they "never filed an affidavit presenting reasons why they could not present facts essential to justify their opposition." Id. at 221.

In this Court's Order, it was specific that if Ms. McGahey wished to pursue discovery at the summary judgment stage, she could do so by filing a "motion pursuant to Fed.R.Civ.P. 56(f)." (Order, p. 6). Ms. McGahey has failed to comply with Rule 56(f). Although her motion makes claims regarding the reasons she purportedly needs to conduct discovery, none of these assertions are supported by affidavit. Ms. McGahey's failure to submit an affidavit supporting her Rule 56(f) motion is fatal, and as such this Court must deny Ms. McGahey's motion for discovery.

**II.   Ms. McGahey Has Not Established An Improper Intrusion Of A Conflict Of Interest In Harvard's Decision Making Process.**

As noted by this Court in its Order denying Ms. McGahey's first request for discovery, the "longstanding rule in the First Circuit holds that 'some very good reason is

needed to overcome the strong presumption that the record on review is limited to the record before the administrator.' <u>Liston v. Unum Corp. Officer Severance Plan</u>, 330 F.3d 19, 23 (1st Cir. 2003)." (Order, p. 3). Therefore, this Court went on to hold that it "should permit discovery only where a plaintiff makes a threshold showing that the denial of benefits was improperly influenced by the administrator's conflict of interest." (Order, p. 5). Finding that Ms. McGahey did nothing more than point to the existence of the structural conflict of interest, discovery was denied. This Court then concluded that "[i]f a showing of the improper intrusion of a conflict of interest in the administrator's decision making process can be made at the summary judgment stage, McGahey may file a motion pursuant to Fed.R.Civ.P. 56(f)." (Order, p. 6). While Ms. McGahey has now filed such a motion, albeit not in compliance with Rule 56, she has not made any showing that there was an improper intrusion of a conflict of interest in Harvard's decision making process. Indeed, in her motion Ms. McGahey does not cite a single fact which demonstrates an improper intrusion of a conflict of interest.

Ms. McGahey erroneously claims that her summary judgment papers establish that this Court must permit her to conduct the requested discovery. In the main, the summary judgment papers merely establish that Ms. McGahey disagrees with the view Harvard took of the Administrative Record. Ms. McGahey does make generalized, unsupported allegations of bias and violations of ERISA rules, but she fails to tie any of these unsubstantiated allegations to evidence that Harvard's decision was improperly influenced by conflict.[1] These are not sufficient grounds to make an exception to the

---

[1] Harvard addressed Ms. McGahey's allegations of bias and ERISA rule violations in the Defendants' Opposition to Plaintiff's Request for Judicial Notice and Motion to Strike (pp. 7-9), and in the Defendants' Opposition to Plaintiff's Motion for Summary Judgment (pp. 7-12). Harvard incorporates its responses to Ms. McGahey's allegations herein.

general rule that there is no discovery in ERISA cases; to do so would run counter to interests underlying ERISA by adding time, cost and complexity to the litigation process. Metro. Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2351 (2008). In short, nothing in Ms. McGahey's summary judgment papers makes the required showing of improper intrusion to allow for discovery.

### III. What Ms. McGahey Seeks To "Accomplish" Through Discovery Is Unnecessary And Irrelevant.

Ms. McGahey's own summary of the purposes of her requested discovery illustrates that discovery is unwarranted here. Ms. McGahey claims the discovery is necessary for the following: (1) to identify the individuals who played a role in evaluating Ms. McGahey's claim and determine whether they had a financial or other incentive that might have affected their impartiality; (2) determine the extent of any duplication in the use of evaluators in violation of ERISA rules; (3) provide disclosure of communications between Harvard claims handlers and evaluators; (4) provide disclosure of any other ERISA rule violations, such as the failure to provide evaluators with copies of all materials submitted by Ms. McGahey; and (5) provide disclosure regarding Harvard's appeal of the DIA orders and whether such was a factor in the denial of benefits. Discovery on these issues is unnecessary.

For instance, Ms. McGahey seeks to discover the "extent of any impermissible duplication in the use of evaluators at the first and second levels in violation of ERISA rules." As set out in detail in Harvard's opposition to Ms. McGahey's motion for summary judgment, no such violations occurred. The ERISA claims regulations merely require that a different health care professional review the medical information at the appeal stage. This was done through the use of both Dr. Glick and Dr. Clayman. Ms.

McGahey's allegation that Harvard violated the claims regulations by getting an updated opinion for the vocational consultant is without foundation. (See Defendants' Opposition to Plaintiff's Motion for Summary Judgment, pp. 11-12).

Similarly, Ms. McGahey's desire to conduct discovery to determine whether Harvard provided evaluators with copies of all materials submitted by Ms. McGahey also does not justify discovery. As set forth in Harvard's opposition to Ms. McGahey's motion for summary judgment, the medical and vocational consultants were not required to receive every document submitted by Ms. McGahey to Harvard. Moreover, all relevant documentation submitted by Ms. McGahey was provided to the evaluators. (Defendants' Opposition to Plaintiff's Motion for Summary Judgment, pp. 8-11).

To the extent Ms. McGahey seeks disclosure of "communications between Harvard and the medical and vocational evaluators," those communications are part of the Administrative Record. If Ms. McGahey believed the Administrative Record was incomplete, she had an opportunity to raise this issue in a timely fashion as set forth in this Court's Scheduling Order.

Finally, a review of Ms. McGahey's proposed discovery requests, attached to her motion, reveals that the discovery she seeks is not tailored to the issues she identifies in her summary. For example, Ms. McGahey seeks documents about such generalized topics as reserve amounts (Document Requests 1 and 2), the curriculum vitae of each member of the benefit committees which reviewed her claim (Document Request 5), and documents concerning consideration of Social Security Administration determinations (Document Request 8). In her proposed interrogatories, Ms. McGahey seeks to obtain essentially every available statistic possible regarding Harvard's review of short-term and

long-term disability claims over a four-year period (Interrogatory No. 3). How these broad requests relate to an inquiry regarding a conflict of interest is puzzling.

In sum, Ms. McGahey has yet again failed to make a threshold showing that Harvard's denial of her claim was improperly influenced by a conflict of interest. Permitting the type of broad, fishing-expedition discovery Ms. McGahey seeks would be counter to the expressed purposes and policies of ERISA. See Liston, 330 F.3d at 26 (rejecting requested discovery because record search in question would have to be "exhaustive[,]…would only be the predicate for further dispute about the significance of the information…[would] probably…not be conclusive [and would raise the possibility of turning] every benefits denial into a vast and expensive inquiry into collateral issues."); Glenn, 128 S.Ct. at 2351 (stating that undue focus on conflict as one factor out of many, would add time, expense and complexity to the process, contrary to the interests underlying ERISA).

## CONCLUSION

WHEREFORE, the defendants, Harvard University Flexible Benefits Plan and Harvard University, as Plan Administrator of the Harvard University Flexible Benefits Plan, request that this Court again deny the plaintiff's motion to conduct discovery.

                    HARVARD UNIVERSITY FLEXIBLE BENEFITS PLAN and HARVARD UNIVERSITY, as PLAN ADMINISTRATOR OF THE HARVARD UNIVERSITY FLEXIBLE BENEFITS PLAN

                    By their attorneys,

                    /s/  Joseph M. Hamilton
                    Joseph M. Hamilton, BBO #546394
                    Jessica H. Munyon, BBO #658729
                    Mirick, O'Connell, DeMallie & Lougee, LLP
                    100 Front Street
                    Worcester, MA 01608-1477
                    Phone: (508) 791-8500
                    Fax:    (508) 791-8502

Dated: July 9, 2009

## CERTIFICATE OF SERVICE

     I, Joseph M. Hamilton, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 9, 2009.

                    /s/  Joseph M. Hamilton
                    Joseph M. Hamilton