UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10435-RGS

ROSEMARY McGAHEY

v.

HARVARD UNIVERSITY
FLEXIBLE BENEFITS PLAN
and HARVARD UNIVERSITY, as
PLAN ADMINISTRATOR

MEMORANDUM AND ORDER ON
PLAINTIFF'S RULE 56(f) MOTION FOR FURTHER DISCOVERY

September 14, 2009

STEARNS, D.J.

Plaintiff Rosemary McGahey brought this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, seeking disability benefits under a self-insured employee benefit plan sponsored by Harvard University. McGahey received benefits for twenty-four months until June 30, 2006, when Harvard determined that she was no longer disabled from any occupation. Both McGahey and Harvard moved for summary judgment. In addition to her motion for summary judgment, McGahey filed a motion for further discovery pursuant to Fed. R. Civ. P. 56(f). A hearing on the three motions was held on September 3, 2009.

DISCUSSION

For a Rule 56(f) motion to be successful, a party must put forward sufficient evidence to show that additional discovery is necessary, feasible, and can be outcome-determinative.

> In all events, the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment. When, as is often the case, the reason relates to incomplete discovery, the party's explanation must take a special form: it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). "In determining whether material is 'discoverable,' the court should consider not only whether the material actually exists, but the burdens and expenses entailed in obtaining the material." Fennell v. First Step Designs, Ltd., 83 F.3d 526, 532 (1st Cir. 1996). Discovery pursuant to Rule 56(f) is not granted as a matter of right. Ayala-Gerena v. Bristol Meyers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996).

### McGahey's Previous Discovery Request

The court previously denied a request by McGahey for discovery outside the administrative record. See McGahey v. Harvard Univ. Flexible Benefits Plan, 2009 WL 799464 (D. Mass. Mar. 25, 2009). "The longstanding rule in the First Circuit [for an ERISA benefits appeal] holds that 'some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator.'" Id. at *2, quoting Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003). In denying McGahey's initial motion for discovery, the court explicitly left open the door for reconsideration of McGahey's request: "If a showing of the improper intrusion of a conflict of interest in the administrator's decision making process can be made at the

summary judgment stage, McGahey may file a motion pursuant to Fed. R. Civ. P. 56(f)." Id. at *3.[1]

### McGahey's Current 56(f) Motion

In its March 25, 2009 discovery order, the court addressed at length the Supreme Court's discussion of the impact of structural conflicts on the review of ERISA benefits appeals in Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343 (2008). Structural conflicts are held to exist (as is the case here) where a "plan administrator both evaluates claims for benefits and pays benefits claims." Id. at 2348. Glenn holds that district courts are to "take account of [the structural conflict] as a factor in determining the ultimate adequacy of the record's support for the agency's own factual conclusion." Id. at 2352. "Although Glenn identifies a structural conflict of interest as a factor to consider when reviewing an administrator's benefits decision, it gives little guidance for dealing with requests for discovery." McGahey, supra, at *2. The March 25, 2009 order articulated the court's view of the relevant factors post-Glenn for allowing discovery when a conflict of interest is alleged.

> [I]n light of Glenn, this court will consider, among other factors, the extent to which the record discloses efforts to insulate the claims review process from institutional financial considerations; the thoroughness and consistency of the explanation of the denial; the care with which the claimant's own physician's opinions were treated; and, if the administrator relied on the opinion of independent experts, the extent to which these experts were in fact truly independent.

Id. (emphasis added).

---

[1] On March 31, 2009, McGahey asked the court to reconsider its order denying discovery. That motion was denied by the court on May 12, 2009, without prejudice.

The last factor is the most relevant to McGahey's 56(f) motion. The court is persuaded that McGahey is entitled to some additional discovery related to the opinions of three experts who performed independent medical examinations (IME) for Harvard: George McManama, M.D., Stuart J. Clayman, Ph.D., and Hyman Glick, M.D. These three experts stand apart from the other fourteen experts and treating physicians who opined on McGahey's disability because of their diagnosis of McGahey with "symptom magnification," or, less politely, faking. At least on the surface, this opinion is difficult to reconcile with the diagnoses of McGahey's treating physicians who are sufficiently convinced of her complaints of pain to prescribe powerful (and potentially addictive) painkillers like OxyContin and Percocet.

In a close case like this one, with multiple medical experts with diametrically opposed opinions, and inconsistent determinations among Harvard, the Social Security Administration (SSA), and the Massachusetts Department of Industrial Accidents (DIA), some further inquiry is warranted.[2] Accordingly, the court will order Harvard to produce for the period from February 1, 2004 to May 31, 2007: (1) the total number of IME reports it commissioned from Drs. McManama, Clayman, and Glick; (2) the raw number of claims that each of these doctors recommended be denied; and (3) the raw number of claims that

---

[2]Harvard has been consistent throughout in its post-24-month determination of McGahey as ineligible for benefits, but has used varying methods to reach that result. In its initial denial, Harvard cited a determination by the SSA that McGahey was not disabled. However, when the SSA reversed its conclusion on appeal and determined McGahey to be disabled, Harvard found the SSA's opinion insufficiently convincing to overturn its own decision on the ERISA appeal. The DIA, which is responsible for disability determinations related to workers' compensation, initially made an order of payment to McGahey then subsequently rejected Harvard's appeal and affirmed its decision (after Harvard's ERISA decision had been rendered).

each of these doctors recommended be allowed.

<u>Missing Affidavit in McGahey's 56(f) Motion</u>

As a separate ground for denial, Harvard challenges the form of McGahey's 56(f) motion. Fed. R. Civ. P. 56(f) allows a court to order a continuance of a motion for summary judgment "[i]f a party opposing the motion shows <u>by</u> <u>affidavit</u> that, for specified reasons, it cannot present facts essential to justify its opposition." (Emphasis added). McGahey failed to file an affidavit accompanying her 56(f) motion. Harvard claims that the absence of an affidavit is "fatal" and that the court "must deny Ms. McGahey's motion."

The First Circuit has not adopted so strict an interpretation of the Rule. <u>See Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 988 (1st Cir. 1988) ("An opponent of a summary judgment motion need not follow the exact letter of Rule 56(f) in order to obtain its benefits."). Instead, a party may succeed on its Rule 56(f) motion if it is in "substantial compliance." <u>Vargas-Ruiz v. Golden Arch Dev., Inc.</u>, 368 F.3d 1, 3-4 (1st Cir. 2004). The benchmarks of "substantial compliance" were defined in <u>Vargas-Ruiz</u>:

> [A party] departs from the plain language of [Rule 56(f)] at his peril. When a departure occurs, the alternative proffer must simulate the rule in important ways. It should be made in written form and in a timely manner . . . . The statement must be made, if not by affidavit, then in some authoritative manner-say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed. R. Civ. P. 11-and filed with the court. Then, too, it should articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet come in from the cold. There must also be shown some realistic prospect that the facts can be obtained within a reasonable (additional) time, and will, if obtained, suffice to engender an issue both genuine and material. Last, the litigant must demonstrate good cause for failure to have conducted the discovery earlier.

5

368 F.3d at 4, quoting Paterson-Leitch, 840 F.2d at 988.

Here, McGahey's Rule 56(f) motion was a detailed pleading. The filing met the requirements of Fed. R. Civ. P. 11 as it was filed under McGahey's attorney's signature. Substantively, the motion complied with the benchmarks set out in Paterson-Leitch, as reaffirmed in Vargas-Ruiz.

### ORDER

For the foregoing reasons, McGahey's 56(f) motion for further discovery is ALLOWED in part, consistent with the instructions in this Order. Harvard will comply with the court's discovery order within thirty (30) days of the date of this opinion. Each side will then have fourteen (14) days to file a short memorandum discussing the significance, if any, of the additional information.

SO ORDERED

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE